*464 OPINION.
GREEN:
In this proceeding the petitioner contends that there was only one set of contracts for the purchase of cotton; that the payments of $4,771.02 in cash and $84,543.98 in trade acceptances in 1920 were in the nature of margin payments on the cotton contracts; that the contracts continued and were finally closed out on January 17, 1921, when the payment of $59,617 was made; and that it is entitled to deduct as a loss in 1921 the amount of $59,617 plus the $4,771.02 paid in 1920, or a total in 1921 of $64,388.02. We do not think that the record supports these contentions. As we interpret the facts, the original contracts for the purchase of cotton were canceled in the fall of 1920, at which time new contracts for the purchase of the same amount of cotton were entered into between the same parties. Early in 1921 it was again ascertained that the petitioner was unable to meet the payments due on the contracts. It then entered into the agreement of January 17, 1921, which we have set out in our findings. Under this agreement, the petitioner paid “ fifty per cent of the acceptances heretofore given ” and “ fifty per cent of the losses sustained by the creditors on account of the cancellation of said contracts,” (Paragraph 2 of the January 17, 1921, agreement) or a total amount of $59,617, itemized as follows:
50 per cent of acceptances given in 1920_$42,271. 97
50 per cent of losses sustained on new contracts- 17,345. 03
Total amount paid by petitioner in 1921_ 59, 617. 00
In our opinion, the respondent was correct in determining that the loss on the original contracts made up of the payment of $4,771.02 *465 in cash and $84,543.93 in trade acceptances was sustained in 1920, when, as we have found, such contracts were surrendered. It follows that at least $47,042.99 (50 per cent of acceptances, $42,271.97, and the $4,771.02) of the $64,388.02 claimed by the petitioner as a loss in 1921 should be denied. Upon the closing of the second set of contracts by means of the agreement of January 17, 1921, the petitioner, however, sustained a loss in 1921 of $34,690.07, which was in part compensated for by the forgiveness of 50 per cent thereof on the part of the creditors. This loss to the extent of 50 per cent, or $17,345.03, should be allowed as a deduction from the petitioner’s gross income for the year 1921.
We have previously held that the forgiveness of indebtedness under circumstances like those present in the instant case does not constitute taxable income. Simmons Gin Co., 16 B. T. A. 793, and cases cited. No part of the acceptances given in 1920, 50 per cent of which were forgiven in 1921, should, therefore, be included in the petitioner’s income for the latter year.
We determine the net income of the petitioner, for the year 1921, to be $4,978.86, computed as follows:
Net income as determined by respondent-$47,250. 82
Less:
Forgiveness of indebtedness included by respondent- $24,926.93
Loss, as set forth above- 17, 345.03
- 42,271.96
Corrected net income for 1921_ 4, 978. 86
With respect to the year 1922, the petitioner’s only contention was that the respondent had erred in refusing to allow as a deduction from the net income of 1922 an alleged net loss for the previous year. Since we have determined that instead of a net loss for the year 1921 the petitioner had a net income for that year, it follows that the respondent’s determination for the year 1922 should be sustained.

Judgment will be entered under Rule 50.